PROGRESSIVE WORKMEN'S CREDIT UNION *vs.* COLBY D. WELCH. October 20, 1981. The plaintiff appeals from a determination by the Appellate Division that a District Court judge did not err in denying the plaintiff's request for a second execution. The plaintiff had obtained a judgment and execution against Welch from the District Court judge and it levied on property owned by Welch. The plaintiff purchased the land for $2,210.91 at the sheriff's sale. The execution was returned to the court satisfied. The property on which the plaintiff levied, however, was subject to a prior recorded mortgage, and subsequently that mortgage was foreclosed. No surplus proceeds were received at the foreclosure sale. The plaintiff lost its interest in the property.

The plaintiff then moved for a new execution. See G. L. c. 236, § 51. The judge denied the motion "on grounds that the record does not disclose

nor does the plaintiff allege any invalidity in the proceedings previously instituted by it as an execution creditor securing the sale to it of property belonging to the defendant, who was the execution debtor." The Appellate Division determined that in the circumstances of this case "the plaintiff could have prevented the foreclosure by keeping up the mortgage payments, or . . . [by bidding] in at the foreclosure sale in order to protect [its] interest."[1] It therefore concluded that there was no error in the judge's denial of the plaintiff's motion and dismissed the report. See G. L. c. 231, § 109.

General Laws c. 236, § 51, as appearing in St. 1975, c. 377, § 122, provides: "If, after the return of an execution, it appears to the creditor that the land levied on . . . cannot be held thereby, he may move the court which issued the execution to order the debtor to appear and show cause why another execution should not be issued on the same judgment, and the court *may* so order . . ." (emphasis added). The plaintiff contends that it could not hold the property because of the foreclosure proceedings, and therefore it is entitled to a new execution.

We assume, without deciding, that an execution creditor who loses an interest in land due to foreclosure proceedings falls within G. L. c. 236, § 51. However the relief accorded by that statute is discretionary, not mandatory. Since the record reveals that the plaintiff could have, but did not, protect its interest in the land, we conclude that the judge did not abuse his discretion in denying the plaintiff's request for a second execution.

The order of the Appellate Division dismissing the report is affirmed.

*So ordered.*

The case was submitted on briefs.

*Celia B. Weinstein* for the defendant.

*Jordan L. Shapiro & John J. Todisco, Jr.*, for the plaintiff.

---

[1] The report of the District Court judge to the Appellate Division is not included in the record appendix.